U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

ENTERED
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed February 26, 2008                        United States Bankruptcy Judge

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE<br><br>TODD ANDREW MEAGHER AND<br>IRENE ALEXIS MEAGHER,<br><br>    Debtors. | § § § § § § § § § | CASE NO. 05-49745-DML-7 |
| TODD ANDREW MEAGHER,<br><br>    Plaintiff,<br>v.<br><br>JOSH TODD,<br><br>    Defendant. | § § § § § § § § § § § | ADV. NO. 07-04162-DML-7 |

**MEMORANDUM OPINION**

Before the court is the Motion of Josh Todd ("Todd" or "Defendant") seeking dismissal pursuant to FED. R. BANKR. P. 7012, incorporating FED. R. CIV. P. 12(b)(6), of the above-styled adversary proceeding. The court initially heard argument on the Motion on January 31, 2008.

Memorandum Opinion                      - 1 –

After affording the parties an opportunity to resolve the Motion without a decision by the court, the court heard further argument on February 6, 2008.[1]

This matter is within the court's core jurisdiction. 28 U.S.C. §§ 1334 and 157(b)(2) (2008). This memorandum opinion embodies the court's findings and conclusions. FED. R. BANKR. P. 7052.

## I. Background

Plaintiff Meagher ("Meagher" or "Plaintiff") and Defendant have a considerable history of dealings. Todd is a musician who earns his living by performing before live audiences and producing recordings. In 2003, Todd and Meagher agreed to form a limited liability company, Todd Entertainment, LLC ("TEC"), equally owned by the two, through which Meagher, as managing member of TEC, would manage Todd's business in accordance with an operating agreement dated June 23, 2003 (the "Agreement"). Other than managing Todd's career, the court has been made aware of no business done or assets owned by TEC.

The Todd-Meagher relationship proved not to be a happy one. Following a series of disputes, in 2004 Todd commenced a suit against Meagher and TEC in state court in California (the "State Court Action"). Meagher's petition for relief under chapter 7 of the Bankruptcy Code (the "Code"[2]) soon followed.

Upon the filing of his bankruptcy Meagher's interest in TEC became property of his estate pursuant to Code § 541(a)(1). Whether to obtain tactical advantage or as a precaution against the future, Todd in 2006 offered to purchase from Meagher's chapter 7 trustee the

---

[1] At the January 31 hearing, the court agreed, at Defendant's request, to consider the amended complaint in the State Court Action (as defined below). The court has also taken into account the record in Debtors' chapter 7 case. *See Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)); *Lovelace v. Software Spectrum*, 78 F.3d 1015, 1018 (5th Cir. 1996).

[2] 11 U.S.C. §§ 101 et seq.

Memorandum Opinion – 2 –

estate's interest in TEC. However, with the court's indulgence, the chapter 7 trustee, perceiving the discharged debtor's money as green as that of Todd, accepted instead a higher bid from Meagher of $65,000. Thus, Meagher recovered his ownership interest in TEC – at a substantial consideration given the apparent lack of value in the corporation.

The next step in the drama was Todd's. Amending his complaint in the State Court Action, he sought to enforce the Agreement against TEC and Meagher and asserted against TEC causes of action arising before and since Meagher's chapter 7 filing as well as causes directed at Meagher for actions taken since the filing of his petition. All of the causes of action pled by Todd run to the relationship among Todd, Meagher and TEC.[3]

Next, Meagher purported to remove the State Court Action by filing removal papers in *this* court. As removal must be to the district in which the removed action is pending (here the Central District of California), the court determined Meagher's attempted removal to be ineffective. *See* 28 U.S.C. § 1452; FED. R. BANKR. P. 9027.

This led to the filing of the instant adversary proceeding, by which Plaintiff seeks enforcement of his discharge and the levy of sanctions against Todd for violating the discharge injunction by pursuing the State Court Action. Plaintiff asserts that Todd, in the State Court Action, is pursuing claims that were discharged in his chapter 7 case. Pointing to language contained in his amended complaint,[4] Defendant insists he has given due deference to Meagher's

---

[3] Meagher apparently has resumed acting as the managing member of TEC. The court need not here address whether, having passed through the chapter 7 trustee's hands, acquisition of the TEC ownership interest from the estate carried with it the status of managing member. Further, there being no evidence before the court that Meagher has assumed the managing role – and the court being unable to consider that of which it has no evidence or personal knowledge – it does not figure in the court's decision.

[4] "Upon filing of the petition, JOSH TODD's claims against MEAGHER were stayed under 11 USC § 362(a.) [sic]. A discharge was entered in favor of MEAGHER in the Bankruptcy Action on or about August 9, 2006. The discharge is effective against liability for damages incurred by MEAGHER [sic] before filing of the bankruptcy petition. 11 USC § 727(d)." Pl.'s First Am. & Supplemental Compl. ¶ 13.

Memorandum Opinion - 3 –

discharge and is seeking damages only for Meagher's post-petition conduct – which, he argues, does not give rise to claims that could have been discharged.[5] Defendant therefore urges that Plaintiff's suit to enforce the discharge be dismissed.

## II. Discussion

A.  Standard for Dismissal

The "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965. In ruling on such a motion, the court cannot look beyond the pleadings. *Id*.; *Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a

---

[5]  Code § 524(a)(2) provides:

   (a) A discharge in a case under this title
     . . .
       (2) operates as an injunction against the commencement or continuation of an action . . . to collect, recover or offset any [debt discharged under Code § 727] as a personal liability of the debtor.

Code § 727(b) states:

   (b) Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from *all debts that arose before the date of the order for relief* under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title. (emphasis added).

motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id*. (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir. 1993)).[6]

Dismissal is not only appropriate if no relief-worthy claim has been stated. It also is the means a court uses to dispose of litigation wrongfully pursued. *See Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007); 5B CHARLES ALLEN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 1357 (3d ed. 2004). This court has previously dismissed a complaint by a debtor in possession in which recharacterization of a lease was sought. *See Mirant Mid-Atlantic, LLC v. Morgantown OL1 LLC* (*In re Mirant Corp*.) 327 B.R. 262 (Bankr. N.D. Tex. 2005). There the suit did not advance the goals and purposes of the Code, and so the debtor's claims were dismissed without prejudice to their later assertion should the facts change. *Id*. at 268-69.

B. Does Todd's Pursuit of the State Court Action Violate Meagher's Discharge Injunction?

The court accepts Defendant's assurance that it was not intended that the State Court Action violate the discharge injunction of section 524(a)(2). But Todd's amended complaint is very poorly drafted. It is arguably unclear whether the amended complaint asserts claims against Meagher that are rooted in Todd's relationship with TEC in the period prior to Meagher's acquisition from the chapter 7 trustee of the estate's interest in TEC.

To the extent that Todd complains of actions by TEC and Meagher, in the latter's capacity as one of TEC's members, which actions occurred after Meagher's purchase of the interest in TEC from the estate, there is no violation of Meagher's discharge injunction, because the claims arose following Meagher's discharge. Todd readily admits that what Meagher,

---

[6] The amended complaint in the State Court Action was appended to the Motion and may be considered by the court as discussed above.

individually or through TEC, did prepetition may not be the subject of suit. But Todd is ambivalent about claims that arose in the period between the filing of Meagher's chapter 7 petition and the time the trustee sold the estate's interest in TEC to Meagher.

It is clear that, for purposes of the State Court Action, Meagher must be regarded as occupying the same position vis-à-vis Todd and TEC as would have a third-party stranger who acquired the estate's interest in TEC. To the extent that the State Court Action involves claims that arose from the relationship among Todd, Meagher and TEC prior to Meagher's purchase, those claims have been discharged and pursuit of them against Meagher is barred by Code § 524(a)(2). Because the amended complaint filed by Todd in the State Court Action can be read as seeking recovery on claims of that sort, Plaintiff's commencement of this adversary proceeding is understandable.

On the other hand, mere ambiguity in Todd's amended complaint is not a sufficient predicate for a determination by this court that Todd is in violation of the discharge injunction. While conceivably the State Court Action could result in a judgment providing for recovery against Meagher of a discharged claim, given the specific recognition of Meagher's discharge in the amended complaint, the court will not presuppose such a fact in order to deny the Motion. Because the sufficiency of Plaintiff's suit under Rule 12(b)(6) turns on the speculative outcome of future litigation, the court concludes that the Motion must, at this time, be granted. *See Twombly*, 127 S. Ct. at 1965.

C.    Is Dismissal Supported by the Conduct of Plaintiff?

Not only is the court not satisfied that Plaintiff has stated a relief-worthy claim. The court's experience with the parties also suggests that there is a good deal of bad feeling between Todd and Meagher. Based on what has occurred in this court, it is not unlikely that Todd's

pursuit of the State Court Action is for the purpose of causing Meagher pain. Likewise, Meagher likely purchased the estate's interest in TEC to use the company in his fight with Todd. Finally, this adversary proceeding appears to be more an effort by Meagher to open a new front in his war with Todd than it is an action by a concerned debtor seeking to protect his discharge.

Like the stay provided by Code § 362(a),[7] the injunction of section 524(a)(2) is intended as a shield, not a sword. *See, e.g., Boeing N. Am., Inc. v. Ybarra (In re Ybarra),* 424 F.3d 1018, 1026 (9th Cir. 2005); 8B C.J.S. BANKRUPTCY § 1059 (2008). While a judge may have no option but to permit use of his court as a Fight Club, that does not mean that, where, as here, an order of that court is being utilized as a weapon, the court must let the litigation run its course.

Meagher's discharge in chapter 7 constituted equitable relief. *See In re Little Creek Dev. Co v. Commonwealth Mortgage Group*, 779 F.2d 1068, 1072 (5th Cir. 1986). Just as a suit to bar discharge under Code § 727 or limit its effect under Code § 523 invokes the exercise of the court's equitable jurisdiction,[8] so, too, a suit before this court seeking enforcement of a discharge is an exercise in equity. *See Bessette v. Avco Fin. Servs.*, 230 F.3d 439, 444-46 (1st Cir. 2000); *Burke v. Georgia (In re Burke)*, 203 B.R. 493 (Bankr. S.D. Ga. 1996). Granting equitable relief is generally within the court's sound discretion. *In re Mirant Corp.*, 327 B.R. at 269; *Twelve Percent Secured Noteholders v. Amarex, Inc. (In re Amarex, Inc.)*, 30 B.R. 763, 767 (Bankr. W.D. Okla. 1983). That discretion ought not to be exercised in a plaintiff's favor in some cases. Whether a plaintiff comes before the court without clean hands (*In re Premier Auto. Servs., Inc.*, 492 F.3d 274 (4th Cir. 2007) (quoting *In re Little Creek Dev. Co.*, 779 F.2d 1068, 1072 (5th Cir.

---

[7] The stay of section 362(a) is often described as being a shield, not a sword. *See McHenry v. Key Bank (In re McHenry)*, 179 B.R. 165, 168-69 (B.A.P. 9th Cir. 1984); *In re Mirant Corp.*, 314 B.R. 347, 353 (Bankr. N.D. Tex. 2004); *Winters v. George Mason Bank*, 94 F.3d 130, 136 (4th Cir. 1995).

[8] *See Am. Express Travel Related Servs. Co. v. Hashemi (In re Hashemi)*, 104 F.3d 1122, 1124 (9th Cir. 1996); *In re Saxman*, 325 F.3d 1168, 1174 (9th Cir. 2003); *N.I.S. Corp. v. Hallahan (In re Hallahan)*, 936 F.2d 1496, 1505 (7th Cir. 1991).

1986))) or where the suit will not advance the goals of the Code (*In re Mirant Corp.*, 327 B.R. at 268) relief may be denied and the suit dismissed. In the case at bar, Plaintiff's hands, if not dirty, are at least not clean; and the purposes of the Code are not well-served by the premature conclusion that Plaintiff's discharge is threatened.

    D.       Should Todd be Sanctioned?

Though Todd's amended complaint was sufficiently ambiguous that Meagher was justified in raising the issue of whether Todd violated section 524(a)(2), the court is not prepared to impose sanctions on Todd – unless Todd obtains or seeks to enforce a judgment respecting any liability of Meagher that was discharged. Even if the court concluded that Todd has violated the discharge injunction, the court would have serious reservations about imposing sanctions, if for no other reason than the clear perception that the parties are involved in a grudge match.

If ultimately the amended complaint results in a judgment even partially in contravention of the section 524(a)(2) injunction, this court may then act to protect Meagher and suitably punish Todd and his counsel. As a prophylaxis against that possibility, below the court directs its clerk to transmit a copy of this memorandum opinion to The Hon. Rita Miller of the Superior Court of the State of California for the County of Los Angeles, the judge presiding over the State Court Action.[9]

Plaintiff argues that simply protecting him against any judgment violative of his injunction is not enough. Plaintiff points out that he has had to act in his own defense in the State Court Action. His costs of defending, he insists, should be borne by Todd. But the State Court Action includes claims arising after Meagher's acquisition of the estate's interest in TEC. Thus, as these claims may be freely asserted by Todd, Meagher was required to defend himself

---

[9]     The court does not mean to suggest that Judge Miller has any responsibility to police the parties to the State Court Action to ensure that the results of that suit do not conflict with Meagher's discharge.

Memorandum Opinion         - 8 –

in the State Court Action even if Todd's amended complaint also improperly asserted discharged claims.

### III. Conclusion

For the foregoing reasons, the Motion will be granted and this adversary dismissed without prejudice to commencement of an appropriate action against Todd should the State Court Action result in a judgment providing for recovery from Meagher on any discharged claim.[10] The clerk of the court is directed to transmit a copy of this memorandum opinion to The Hon. Rita Miller of the Superior Court of the State of California for the County of Los Angeles. The court will enter a separate order dismissing this adversary proceeding.

---

[10] The court does not mean to limit Todd's ability to assert discharged claims in offset to any monetary claims made by Meagher against Todd. *See In re Wiegand*, 199 B.R. 639 (W.D. Mich. 1996); *In re Eggemeyer*, 75 B.R. 20 (Bankr. S.D. Ill. 1987).